# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Plaintiff,<br><br>v.<br><br>TINA M. ADAMS, et al.,<br><br>    Defendants. | 1:16-cv-00783-GSA-PC<br><br>**ORDER GRANTING EX PARTE APPLICATION TO FILE EXHIBITS UNDER SEAL**<br>**(ECF No. 25.)**<br><br>**ORDER FOR CLERK TO FILE AND SEAL EXHIBITS B AND C TO DEFENDANT EYIUCHE'S DECLARATION IN SUPPORT OF AMENDED MOTION FOR SUMMARY JUDGMENT** |

**I.     BACKGROUND**

Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint, filed on June 6, 2016, against defendant Dunu Eyiuche (RN) ("Defendant") for violation of equal protection under the Fourteenth Amendment. (ECF No. 1.)

On October 18, 2017, Defendant filed a motion for summary judgment. (ECF No. 19.) Also on October 18, 2017, Defendant filed an ex parte application to seal exhibits in support of the motion for summary judgment. (ECF No. 20.) On October 25, 2017, Defendant filed an amended motion for summary judgment. (ECF No. 22.) Because the motion for summary judgment was amended, the court denied the prior application to seal as moot. (ECF No. 24.)

1

On October 27, 2017, Defendant filed notice of an ex parte application to seal exhibits in support of the *amended* motion for summary judgment. (ECF No. 25.) Also on October 27, 2017, Defendant emailed chambers an *in camera* ex parte application to seal the following documents identified in the public notice of the application to seal: Exhibits B and C to Eyiuche's Declaration in Support of Amended Motion for Summary Judgment. Plaintiff was served with Defendant's notice, application, exhibits, and proposed order on or about October 27, 2017, but has not filed an opposition.[1]

## II. SEALING DOCUMENTS

Federal courts have recognized a strong presumption that judicial records are accessible to the public. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). Generally, if a party seeks to seal a judicial record, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue. Kamakana, 447 F.3d at 1178.

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978). Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602).

"Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling,

---

[1] Except in criminal pre-indictment matters, and unless otherwise ordered by the Court, a party may submit an opposition to the "Request to Seal Documents" within three days of the date of service of the "Notice of Request to Seal Documents." Local Rule 141(c).

without relying on hypothesis or conjecture.'" Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (quoting Hagestad, 49 F.3d at 1434). In general, when "'court files might have become a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure. Kamekana, 447 F.3d at 1179 (internal citations and alterations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz, 331 F.3d at 1136.

### III. DEFENDANT'S APPLICATION TO SEAL EXHIBITS

Defendant expresses a need to disclose a portion of Plaintiff's medical records, submitted as Exhibits B and C, to the court as evidence in support of her amended motion for summary judgment. Defendant argues that good cause exists to seal the records, under the court's inherent supervisory authority over its own records and under Local Rule 141, to allow the court to discretely consider this evidence without releasing Plaintiff's confidential information to the public.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion. See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co., No. C 10–02258 SBA, 2011 WL 89931, at *1 n. 1 (N.D.Cal. Jan.10, 2011); Abbey v. Hawaii Emp'r Mut. Ins. Co., Civil No. 09–000545 SOM/BMK, 2010 WL 4715793, at * 1–2 (D.Haw. Nov.15, 2010); Wilkins v. Ahern, No. C 08–1084 MMC (PR), 2010 WL 3755654, at *4 (N.D.Cal. Sept.24, 2010); Lombardi v. Tri West Healthcare Alliance Corp., 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009); Battle v. Martinez, 2:16-cv-0411-TLN-CKD, 2017 WL 445736 at *3 (E.D.Cal. Feb. 2, 2017).

The court has reviewed Exhibits B and C, which contain detailed medical information about Plaintiff. Plaintiff's only remaining claim in this case is for denial of equal protection based on allegations that Defendant racially discriminated against Plaintiff when she refused to apply Capsaicin pain medication to his skin. Plaintiff has not placed his medical condition at

issue in this case except to allege that he asked Defendant, a nurse, to apply Capsaicin cream to his skin to relieve pain. The records in Exhibits B and C are related to the merits of the case only for their absence of any evidence in the records that Plaintiff asked Defendant for Capsaicin medication or asked her to apply it to his skin.

On balance, the potential harm to Plaintiff's interests outweighs the public's right to access Plaintiff's medical records. Defendant has made an adequate showing of compelling reasons to seal these medical records. Accordingly, the court will grant Defendant's unopposed motion to seal both Exhibits B and C. As Defendant submitted these documents to the court for *in camera* review per Local Rule 141(b), the court will direct the Clerk of Court to file them under seal, nunc pro tunc, as of the date the exhibits were submitted.

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's application to seal exhibits, submitted on October 27, 2017, for *in camera* review, is GRANTED; and
2. The Clerk of Court is DIRECTED to file **under seal**, as of the submission date, the following documents which were submitted to the court for *in camera* review on October 27, 2017:
    (1) Defendant's Ex Parte Application to Seal Exhibits B and C to Eyiuche's Declaration in Support of Amended Motion for Summary Judgment; and
    (2) Defendant's Exhibits B and C to Eyiuche's Declaration in Support of Amended Motion for Summary Judgment.

IT IS SO ORDERED.

Dated:    **November 17, 2017**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE