UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ARCHIE CRANFORD, | 1:16-cv-00783-AWI-GSA-PC |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AND DEFENDANTS, CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION, AND TO ASSIGN CASE TO MAGISTRATE JUDGE FOR ALL FURTHER PROCEEDINGS |
| vs. | |
| TINA M. ADAMS, et al., | |
| Defendants. | |
| | (ECF NO. 11.) |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

## I.    BACKGROUND

Archie Cranford ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's original Complaint, filed on June 6, 2016, against defendant Dunu Eyiuche (RN) ("Defendant") for violation of equal protection under the Fourteenth Amendment.  (ECF No. 1.)

Plaintiff and Defendant Eyiuche have both consented to magistrate judge jurisdiction. (ECF Nos. 5, 28.) However, the magistrate judge previously screened Plaintiff's Complaint before any defendants appeared. On March 16, 2017, the magistrate judge issued a screening order finding that Plaintiff stated a cognizable due process claim against Defendant Eyiuche, but no other claims against any of the Defendants. (ECF No. 9.) The court's order required Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only against Defendant Eyiuche for violation of equal protection under the Fourteenth Amendment. (Id.) On March 24, 2017, Plaintiff filed a notice that he is willing to proceed only on the equal protection claim against Defendant Eyiuche. (ECF No. 10.)

Based on Plaintiff's representations in the March 24, 2017, notice, the magistrate judge issued an order on March 30, 2017, for this case to proceed only against Defendant Eyiuche for violation of equal protection, and dismissing all remaining claims and defendants. (ECF No. 11.) In the order, the magistrate judge dismissed Defendants Tina M. Adams, (Psych Tech), Jessica C. (Psych Tech), Patient V. (Psych Tech), and Barbara Niewesas from this action, for Plaintiff's failure to state any claims against them. (Id.) The magistrate judge also dismissed Plaintiff's claims based on inadequate medical care and right to privacy, for Plaintiff's failure to state a claim. (Id.)[1]

As described below, in light of Ninth Circuit authority, this court is recommending that the assigned district judge dismiss defendants Tina M. Adams, (Psych Tech), Jessica C. (Psych Tech), Patient V. (Psych Tech), and Barbara Niewesas from this action, and dismiss Plaintiff's claims based on inadequate medical care and right to privacy from this action, for Plaintiff's failure to state a claim under § 1983, consistent with the March 30, 2017, order by the magistrate judge.

///

---

[1] Subsequently, Defendant Eyiuche was served with process and on June 26, 2017, appeared in this action. (ECF Nos. 13, 14.) On November 20, 2017, Defendant Eyiuche consented to magistrate judge jurisdiction. (ECF No. 28.) On December 6, 2017, District Judge Anthony W. Ishii was assigned to this case for the purpose of entering these findings and recommendations. (ECF No. 32.)

## II. <u>WILLIAMS V. KING</u>

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and Defendants had not yet been served. <u>Williams v. King</u>, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." <u>Id.</u> at 501.

Here, Defendant Eyiuche was not served at the time the court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss Plaintiff's claims and defendants based solely on Plaintiff's consent.

In light of the holding in <u>Williams</u>, this court will recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this court, for the reasons provided in the court's March 30, 2017, order, and then assign the case to Magistrate Judge Gary S. Austin under 28 U.S.C. § 636(c), to conduct any and all further proceedings in the case, including the trial and entry of final judgment.

## III. CONCLUSION AND RECOMMENDATIONS

The court finds that this case should proceed only against Defendant Eyiuche for violation of equal protection, and all other claims and defendants should be dismissed based on Plaintiff's failure to state a claim, for the reasons provided in the court's March 30, 2017, order.

The court also finds that because Plaintiff and Defendant Eyiuche have both consented to magistrate judge jurisdiction, this case should be assigned to Magistrate Judge Gary S. Austin for all purposes within the meaning of 28 U.S.C. § 636(c).

Therefore, for the reasons set forth above, **IT IS HEREBY RECOMMENDED** that:

1.  In light of the holding in <u>Williams</u>, the district judge dismiss the claims and defendants previously dismissed by the magistrate judge on March 30, 2017;

2. This case now proceed with Plaintiff's Complaint, filed on June 6, 2016, against sole defendant Eyiuche for violation of equal protection under the Fourteenth Amendment;

3. All other claims and defendants be dismissed from this action for failure to state a claim under § 1983 upon which relief may be granted, for the reasons provided in the magistrate judge's March 30, 2017, order;

4. Defendants Tina M. Adams, (Psych Tech), Jessica C. (Psych Tech), Patient V. (Psych Tech), and Barbara Niewesas be dismissed from this action for Plaintiff's failure to state any claims under § 1983 against them upon which relief may be granted;

5. Plaintiff's claims based on inadequate medical care and right to privacy be dismissed from this action based on Plaintiff's failure to state a claim;

6. It appearing that all parties to this action have voluntarily consented to have a magistrate judge conduct any and all further proceedings in the case, this action be assigned to United States Magistrate Judge Gary S. Austin for all purposes within the meaning of 28 U.S.C. § 636(c), to conduct any and all further proceedings in the case, including the trial and entry of final judgment;[2]

7. The Clerk of the Court be directed to assign this action in its entirety to Magistrate Judge Gary S. Austin; and

8. The new case number be: **1:16-cv-00783-GSA-PC**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days of the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to

---

[2] Consent to a magistrate judge does not entitle the parties to a particular magistrate judge, and the court may reassign this case to a different magistrate judge during the course of the litigation, without advance notice to the parties. Wilhelm v. Rotman, 680 F.3d 1113, 1118-1119 (9th Cir. 2012) ("consent" option covers "a" magistrate judge generally).

Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 13, 2017__ _____/s/ Gary S. Austin__
UNITED STATES MAGISTRATE JUDGE