# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>              Plaintiff,<br><br>    v.<br><br>DUNU EYIUCHE, et al.,<br><br>              Defendants. | 1:16-cv-00783-GSA-PC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 1.)**<br><br>**ORDER FOR CLERK TO CLOSE CASE** |

## I. BACKGROUND

Archie Cranford ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 6, 2016. (ECF No. 1.) The court screened the Complaint and issued an order on March 16, 2017, finding that Plaintiff stated one cognizable claim, against Defendant Dunu Eyiuche (R.N.), for violation of Plaintiff's rights to equal protection under the Fourteenth Amendment. (ECF No. 9.) Pursuant to the order, Plaintiff was required to either (1) file an amended complaint, or (2) notify the court of his willingness to proceed only with the claim found cognizable by the court. (Id.) On March 24, 2017, Plaintiff notified the court of his willingness to proceed only with the claim found cognizable by the

1

court. (ECF No. 10.) Therefore, the case now proceeds with Plaintiff's Complaint filed on June 6, 2016, against Defendant Dunu Eyiuche ("Defendant") on Plaintiff's equal protection claim. (ECF No. 1.)[1]

It appearing that all parties to this action have consented to Magistrate Judge jurisdiction (ECF Nos. 5, 28), this case was assigned to the undersigned on January 11, 2018, for all purposes within the meaning of 28 U.S.C. § 636(c), to conduct any and all further proceedings in this case, including trial and entry of final judgment. (ECF No. 35.)

On October 25, 2017, Defendant Eyiuche filed an amended motion for summary judgment.[2] (ECF No. 22.) On November 2, 2017, Plaintiff filed an opposition to the motion. (ECF No. 26.) On November 22, 2017, Defendant filed a reply to the opposition. (ECF No. 31.) Defendant's amended motion for summary judgment is pending.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIM

### A. SUMMARY OF ALLEGATIONS

Plaintiff is currently detained pursuant to California's Sexually Violent Predator Act at Coalinga State Hospital in Coalinga, California, where the events giving rise to this action took place. Plaintiff alleges the following in the Complaint.[3]

Defendant Dunu Eyiuche (R.N.) has displayed racial discrimination on several occasions by refusing to treat Plaintiff. Plaintiff is white, and defendant Eyiuche is African-American. The unit doctor prescribed a cream for Plaintiff that when properly applied, becomes hot. This cream has been administered on several occasions by other medical personnel. Plaintiff was in severe ///

---

[1] On January 11, 2018, all other claims and defendants were dismissed from this case based on Plaintiff's failure to state a claim. (ECF No. 35.) Defendants Tina M. Adams, (Psych Tech), Jessica C. (Psych Tech), Patient V. (Psych Tech), and Barbara Niewesas were dismissed from this case based on Plaintiff's failure to state any claims under § 1983 against them upon which relief may be granted; and Plaintiff's claims based on inadequate medical care and right to privacy were dismissed from this case ased on Plaintiff's failure to state a claim. (Id.)

[2] Defendant's initial motion for summary judgment was filed on October 18, 2017. (ECF No. 19.) Defendant's amended motion was filed on October 25, 2017. (ECF No. 22.)

[3] This summary primarily includes Plaintiff's allegations related to his equal protection claim.

2

*///*

pain and in need of medical care, and it so happened that Defendant Eyiuche was the only available medical staff. Plaintiff asked her to apply the cream to provide Plaintiff relief from his pain. Defendant Eyiuche told Plaintiff that she would not soil her hands on white trash and Plaintiff had all the gall in the world to think that she would lower herself to Plaintiff's level.

Plaintiff requests only injunctive relief. He requests that Defendant's license be revoked and her present employment be terminated, with a chance for Defendant to prove the allegations are untrue, or at least for Defendant to seek a lesser penalty.

### B. PLAINTIFF'S EQUAL PROTECTION CLAIM

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). "Prisoners are protected under the Equal Protection Clause . . . from invidious discrimination based on race." Serrano v. Francis, 345 F.3d 1071, 1081–82 (9th Cir. 2003) (citing Wolff v. McDonell, 418 U.S. 553, 556 (1974)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano, 345 F.3d at 1082, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008.

The Supreme Court has interpreted the 1866 Civil Rights Act to extend to claims of racial discrimination against white persons. Regents of Univ. of California v. Bakke, 438 U.S. 265, 293, 98 S. Ct. 2733, 2749, 57 L. Ed. 2d 750 (1978) (citing McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 296, 96 S.Ct. 2574, 2586, 49 L.Ed.2d 493 (1976)).

### III. SCREENING OF THE COMPLAINT

### A. <u>Screening Requirement</u>

The *in forma pauperis* statute under which Plaintiff proceeds provides that "the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to ///

state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Factual allegations are accepted as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  The relaxed pleading standard for *pro se* complaints is not boundless, and Plaintiff's status as a *pro se* prisoner does not exempt him from complying with substantive law and the minimum requirements for pleading under Fed. R. Civ. P. 8(a). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Discussion[4]**

---

[4] The court notes that from 1993 to 2018, Plaintiff has filed eighty-three cases in this court concerning conditions at Coalinga State Hospital. See, e.g., Cranford v. Estrellado, 1:07-cv-1829 (E.D. Cal.), ECF No. 14, dated September 8, 2010 (describing Plaintiff's allegation that Defendant was medically neglectful for failing to be at her assigned post); Cranford v. Salber, 1:08-cv-00063 (E.D. Cal.), ECF No. 16 (alleging Defendants denied medical treatment because they were too busy to provide care); Cranford v. Avila, 1:08-cv-1734 (E.D. Cal.), ECF No. 11, dated September 26, 2011 (describing Plaintiff's allegation that Defendant removed from him his heart medication which caused him to be unable to treat his chest pain and heart attacks); Cranford v. Baclagon, 1:11-cv-00736 (E.D. Cal.), ECF No. 1 (alleging that Defendant assaulted him because of his race); Cranford v. Ahlin, 1:11-cv-01199 (E.D. Cal.), ECF No. 1 (alleging Defendant provided improper medication based upon his race).  This court has found Plaintiff to be a vexatious litigant.

In addition to those listed above, Plaintiff has filed numerous other cases in the Central District, the Northern District and the Eastern District of California. See, e.g., Cranford v. Darcangelo, 2:03-cv-05049 (C.D. Cal.), ECF No. 1 at 5-6, dated November 3, 2003; Cranford v. Kerr, 2:07-cv-02247 (C.D. Cal.), ECF No. 3, May 2, 2007 (describing Plaintiff's allegation that Defendant refused to give pain medication because she gave preference to mentally disordered offenders and "'pedophile SVPs over SVPs with conviction crimes such as plaintiff's."); Cranford v. Quigley, 2:07-cv-0871 (C.D. Cal.), ECF No. 6, March 5, 2007 (describing Plaintiff's allegation that Defendant refused to provide medical evaluative tests because she had a "'vendetta towards him because he is an SVP.'"); Cranford v. Henderson, 2:05-cv-05842 (C.D. Cal.), ECF No. 9, January 24, 2006 (describing Plaintiff's allegation that Defendant refused to provide him medication for his heart condition.); Cranford v. Riordan, 2:07-cv-01261 (C.D. Cal.), ECF No. 6, March 23, 2007 (describing Plaintiff's allegations that Defendants failed to provide him medical treatment due to their being away from their assigned posts); Cranford v. Long, 2:06-cv-02847 (C.D. Cal.), ECF No. 61, August 29, 2008 (describing allegation that Defendant Long failed to administer an ECG properly based upon his race); Cranford v. Durks, 2:03-cv-05723 (C.D. Cal.), ECF No. 8, December 15, 2003 (describing Plaintiff's allegation that Defendant provided inadequate medical care); Cranford v. Bunte, 2:03-cv-05649 (C.D. Cal.), ECF No. 12, December 15, 2003 (describing Plaintiff's allegation that Defendant provided inadequate medical care).  The court notes, as here, that Plaintiff has repeatedly misrepresented on his complaints the number of previous lawsuits he has filed.

Upon further review of the Complaint, the court finds that Plaintiff fails to state a claim upon which relief may be granted. Without reaching the underlying constitutional claim, the court finds that this case must be dismissed based on Plaintiff's prayer for relief. Even if Plaintiff's allegations were proven to be true, his prayer fails to request any relief upon which the court has authority to grant.

As stated above, Plaintiff requests only prospective injunctive relief. He requests that Defendant Eyiuche's license be revoked and her present employment be terminated, with a chance for her to later request a lesser penalty. This is a frivolous demand for injunctive relief, because the court does not have the authority to grant this type of relief under § 1983. Sanderson v. Healey, No. 3:18CV-P35-CRS, 2018 WL 3232802, at *4 (W.D. Ky. July 2, 2018), citing see, e.g., Theriot v. Woods, No. 2:09-cv-199, 2010 WL 623684 at *4-5, 2010 U.S. Dist. LEXIS 14253 at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); Ross v. Reed, No. 1:13-cv-143, 2013 WL 1326947 at *2, 2013 U.S. Dist. LEXIS 44697 at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); Leek v. Thomas, No. 09-3036-SAC, 2009 WL 1298499 at *3, 2009 U.S. Dist. LEXIS 39406 at *9 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action."). The issue whether Defendant Eyiuche should be employed at Coalinga State Hospital is strictly a matter for her employer to determine, not this court. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th

Cir. 1985). Therefore, all claims against Defendant Eyiuche will be dismissed for failure of the Plaintiff to request relief upon which the Court has the power to grant..

///

///

///

**IV.   CONCLUSION**

The court finds that Plaintiff's Complaint fails to state relief which is within the authority of the Court to grant under § 1983.

Accordingly, **IT IS HEREBY ORDERED that**:

1. This case is DISMISSED, without prejudice, based on Plaintiff's failure to request relief which is within the authority of the Court to grant;
2. All pending motions are DENIED as moot; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **July 6, 2018**              **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE